FILED
2020 Feb-19  AM 09:46
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **PHILLIP KNOX ,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CASE NO.:** |
| **v.** | ) | |
| | ) | <u>**JURY DEMAND**</u> |
| **MARRIOTT INTERNATIONAL,** | ) | |
| **INC. d/b/a SHERATON** | ) | |
| **BIRMINGHAM HOTEL** | ) | |
| | ) | |
| **Defendant.** | ) | |

## COMPLAINT

**COMES NOW** the Plaintiff, Phillip Knox ("Mr. Knox" or "Plaintiff"), by and through his undersigned counsel, and files this Complaint against the Defendant, Marriott International, Inc. d/b/a Sheraton Birmingham Hotel ("Sheraton" or "Defendant"). As grounds for this Complaint, Plaintiff states the following:

### <u>JURISDICTION & VENUE</u>

1.     This is a suit authorized and brought to secure protection of and to redress the deprivation of rights secured by Title VII of the Act of Congress known as the "Civil Rights Act of 1964," codified at 42 U.S.C. § 2000e *et seq*., as amended by the "Civil Rights Act of 1991," ("Title VII").

2.     Jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331 and 1343.

3.     The unlawful employment practices alleged in this Complaint were committed in Jefferson County, in the Northern District of Alabama; therefore, venue lies within the Northern District of Alabama, pursuant to 28 U.S.C. § 1391.

## ADMINISTRATIVE EXHAUSTION

4.     Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC") on or about May 1, 2019.  (See Exhibit "A"). Charge No. 420-2019-02034 (the "First Charge") alleged that the Plaintiff was being subjected to disparate terms and conditions of his employment, based on his gender, race, sexual orientation, and disability.

5.     The EEOC issued a Dismissal and Notice of Rights (the "First RTS Notice") for the First Charge on November 19, 2019. (See Exhibit "B").

6.     Plaintiff subsequently filed a Charge of Discrimination with the EEOC on or about August 9, 2019.  (See Exhibit "C").  Charge No. 420-2019-03183 (the "Second Charge") alleged that Plaintiff was being subjected to continued discrimination and retaliation by Defendant for filing his First Charge of Discrimination.

7.     The EEOC issued a Dismissal and Notice of Rights (the "Second RTS Notice") for the Second Charge on November 19, 2019.  (See Exhibit "D").

8.     This Complaint is filed within ninety (90) days of Plaintiff's receipt of the RTS Notices for the First and Second Charges.

9.      Plaintiff has thus exhausted all administrative remedies available prior to filing this Complaint.

## **PARTIES**

10.     Plaintiff is a citizen of the United States of America, who currently resides in Jefferson County, Alabama.

11.     Plaintiff is over the age of nineteen (19) years.

12.     Defendant is an entity with its principal headquarters located in Bethesda, Maryland.

13.     Defendant is an employer in the State of Alabama within the meaning of 42 U.S.C. § 2000e(b), in that it engages in an industry affecting commerce and employed fifteen (15) or more employees for the requisite duration under Title VII.

14.     Defendant does substantial business at its location in Birmingham, Alabama (Sheraton Birmingham Hotel), located at 2101 Richard Arrington Jr. Blvd N., Birmingham, AL 35203.

15.     Defendant was Plaintiff's employer during all times relevant to this Complaint.

## **FACTUAL ALLEGATIONS**

16.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through fifteen (15) above with the same force and effect as if fully set out in specific detail herein below.

3

17.     Plaintiff is homosexual, African American, male, and disabled.

18.     In or around October 2014, Defendant hired Plaintiff as a server at its Sheraton Birmingham Hotel location.

19.     Plaintiff was the only male server at this location.

20.     Over the course of his employment with the Defendant, Plaintiff endured constant harassment and embarrassment by his male and female coworkers due to his sex, race, sexual orientation and disability status.

21.     Many coworkers routinely called Plaintiff disparaging names, often referencing Plaintiff's sexual orientation.

22.     These names included, "skittles", "taste the rainbow", and "bastard."

23.     Plaintiff's supervisor witnessed the derogatory name calling, but failed to address the harassment.

24.     In addition to the sexually suggestive name calling, three (3) of Defendant's employees, Margaret Kirksey, Shayla Parks, and Erin Williams, made comments about Plaintiff's race.

25.     These comments included, "you're not even black, you've been white-washed."

26.     Plaintiff reported the harassment on two (2) different occasions to Defendant's Human Resources Representatives Gideon Packianathan ("Mr. Packianathan") and Elizabeth Benson ("Ms. Benson").

27.     Plaintiff filed his first internal complaint in or around mid-February 2019.

28.     Specifically, Plaintiff reported that one of the harassers threated to "fucking end" Plaintiff's life.

29.     In response, Mr. Packianathan stated, "what, do you not cuss at work?"

30.     Defendant dismissed Plaintiff's complaint and failed to investigate or otherwise address the harassment.

31.     Consequently, the harassment only got worse.

32.     On or about April 1, 2019, Plaintiff filed another internal complaint with Human Resources.

33.     As with the first complaint, Defendant disregarded Plaintiff's complaints and failed to address the misconduct in any way.

34.     Finding no internal relief, Plaintiff contacted the EEOC to report his employer's discriminatory treatment.

35.     As mentioned above, Plaintiff filed his First Charge with the EEOC on or about May 1, 2019.

36.     After filing his First Charge, Plaintiff was subjected to retaliation by his employer.

37.    On or about July 9, 2019, Plaintiff was written up for alleged "attendance issues"; specifically, Defendant alleged that Plaintiff was a "no call/no show" on July 9, 2019.

38.    However, Defendant's allegation is patently false; Plaintiff called into work and reported that he was taking a sick day for July 9, 2019.

39.    Immediately after receiving the write up, Defendant suspended Plaintiff for the same alleged "attendance issue."

40.    However, as stated above, Plaintiff was not a "no call/no show" as alleged because Plaintiff called in sick for the day in question.

41.    Defendant did not follow-up with Plaintiff or otherwise advise him about his suspension or alleged attendance issues.

42.    Instead, on July 17, 2019, Defendant summarily terminated Plaintiff's employment, citing the same alleged attendance violation that Defendant relied on in issuing Plaintiff's write-up and suspension.

43.    At that time, Plaintiff received a call from Ms. Benson informing him that his employment had been terminated because of his attendance.

44.    Notably, many of Plaintiff's female similarly situated coworkers committed significantly more attendance violations than Plaintiff but were not disciplined, let alone terminated.

45.     But for Plaintiff filing his First Charge with the EEOC, Defendant would not have disciplined, and ultimately terminated, Plaintiff for the alleged attendance violations.

## COUNT I: RETALIATION IN VIOLATION OF TITLE VII

46.     Plaintiff re-alleges and incorporates by reference paragraphs one (1) through forty-five (45) above with the same force and effect as if fully set out in specific detail herein below.

47.     Plaintiff is homosexual, African American, male, and disabled.

48.     As such, Plaintiff is a member of several protected classes.

49.     Plaintiff engaged in protected activity by filing the First Charge with the EEOC on or about May 1, 2019, alleging discrimination on the basis of his race, sex, and disability status.

50.     Almost immediately after, Defendant subjected Plaintiff to increased scrutiny and hostility at work.

51.     On or about July 9, 2019, Defendant issued Plaintiff a write-up for an alleged attendance violation, stating that Plaintiff was a "no call/no show."

52.     This allegation is patently false; Plaintiff called in sick on July 9, 2019.

53.      Defendant then suspended Plaintiff for the very same alleged violation.

54.     Defendant failed to communicate with Plaintiff regarding his suspension and write-up.

55.     On or about July 17, 2019, Defendant summarily terminated Plaintiff's employment, citing the same alleged attendance violation from July 9, 2019.

56.     Notably, Plaintiff was not a "no call/no show"; Plaintiff called in sick on the day in question.

57.     Defendant's stated reason(s) for disciplining and ultimately terminating Plaintiff are merely pretext for Defendant's actual retaliatory reasons for terminating Plaintiff; namely, the fact that he filed a Charge of Discrimination with the EEOC.

58.     Defendant subjected Plaintiff to retaliation because he participated in protected activity by filing a Charge of Discrimination with the EEOC.

59.     As a result of Defendant's retaliation, Plaintiff has been deprived of income. The conduct described above also causes Plaintiff emotional distress, mental anguish, loss of enjoyment of life, inconvenience, and embarrassment.

WHEREFORE premises considered, Plaintiff demands judgment against Defendant for wage damages, compensatory damages, punitive damages, consequential damages, incidental damages, the costs of this action, interest, attorney's fees, and any other, further, and different relief to which he may be entitled.


**PLAINTIFF DEMANDS TRIAL BY STRUCK JURY.**

Respectfully submitted,

*s/ Joshua A. Wrady*
Joshua A. Wrady (ASB-9617-J68W)
Courtney B. Crampton (ASB-3685-J61X)
*Attorneys for Plaintiff*

**WRADY MICHEL & KING**
505 20th Street North, Suite 1650
Birmingham, Alabama 35203
Joshua@wmalabamalaw.com
Courtney@wmalabamalaw.com
Tel:   (205) 980-5704
Fax:   (205) 994-2819

**DEFENDANT TO BE SERVED BY PROCESS SERVER AT THE FOLLOWING ADDRESS:**

Marriott International, Inc.
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104